UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:16-CR-00073-GNS-HBB

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

KAKEITHO HUGHES                                                        DEFENDANT

## ORDER

This matter is before the Court on Defendant's Motion for Compassionate Release (DN 140), Defendant's Motion to Appoint Counsel (DN 146), and Plaintiff's Motion for Leave to Seal (DN 154). The motions are ripe for adjudication.

### I.    BACKGROUND

Defendant KaKeitho Hughes ("Hughes") pleaded guilty and was sentenced on October 30, 2017, to a total term of 180 months of imprisonment for one count of possession with intent to distribute and distribution of cocaine, and two counts of being a felon in possession of firearms and ammunition. (J. & Commitment Order 1-3, DN 84). Hughes is currently housed at F.C.I. Ashland in Kentucky. According to the website for the U.S. Bureau of Prisons ("BOP"), his projected release date is April 1, 2029.

Hughes moves for compassionate release due to his medical conditions, his minor child, and COVID-19 pandemic. (Def.'s Mot. Compassionate Release 1-4, DN 140; Def.'s Suppl. Br. Mot. Compassionate Release 1, DN 142). The United States opposes the motion and moves for leave to seal exhibits cited in its response. (Pl.'s Resp. Def.'s Mot. Compassionate Release 3-12, DN 157; Pl.'s Mot. Leave Seal 1, DN 154).

1

## II. DISCUSSION

### A. Defendant's Motion for Compassionate Release

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013) (citing *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008)). In relevant part, federal law provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) In any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i). Congress has specifically directed the U.S. Sentencing Commission ("Sentencing Commission") to define what constitutes "extraordinary and compelling reasons." *United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019) (citing 28 U.S.C. § 994(t)). Pursuant to the First Step Act of 2018, "courts are now permitted to 'consider motions by defendants for compassionate release without a motion' by the [BOP] Director 'so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses.'" *United States v. Logan*, No. 1:96-CR-20-TBR, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020) (quoting *United States v. Marshall*, No. 3:16CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020)).

In considering Hughes' motion for compassionate release, the Court must consider whether he has properly exhausted his administrative remedies and whether he is entitled to relief on the merits of his motion.

### 1.    *Exhaustion of Administrative Remedies*

As a preliminary matter, Hughes must show that he has exhausted his administrative remedies. In *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), the Sixth Circuit outlined how an inmate must exhaust administrative remedies before moving for compassionate release. *See id.* at 833-34. To avail themselves of judicial relief, the statute "imposes a requirement on prisoners before they may move on their own behalf: They must 'fully exhaust[] all administrative rights' or else they must wait for 30 days after the warden's 'receipt of [their] request.'" *Id.* at 833 (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Hughes asserts that he requested compassionate release from the Warden on September 14, 2020, and he did not receive any response within 30 days. (Def.'s Mot. Compassionate Release 2, 4). The United States does not challenge Hughes' assertion. Because Hughes filed his motion more than 30 days after his request to the Warden, the Court will consider the merits of his motion.

### 2.    *Merits*

In general, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). When considering an inmate's motion for compassionate release, the court must consider whether: (i) whether "'extraordinary and compelling reasons' warrant a reduction"; and (ii) "the § 3553(a) factors, to the extent they apply,

support the reduction." *United States v. Brummett*, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

### a. Extraordinary & Compelling Reasons

While Congress has specifically directed the U.S. Sentencing Commission ("Sentencing Commission") to define what constitutes "extraordinary and compelling reasons," the Sentencing Commission has failed to do so. *Handerhan*, 2019 WL 1437903, at *1 (citing 28 U.S.C. § 994(t)). Recently, in *United States v. Jones*, No. 20-3701, 2020 WL 6817488 (6th Cir. Nov. 20, 2020), the Sixth Circuit held:

> [T]he passage of the First Step Act rendered § 1B1.13 "inapplicable" to cases where an imprisoned person files a motion for compassionate release. *See United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an "extraordinary and compelling" reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion.

*Id.* at *7 (internal footnote omitted).

First, Hughes asserts that he should be released due to his medical conditions. He is 35 years old, and he contends that he has high blood pressure and anxiety, and is obese, which is supported by the medical records filed by the United States. (Def.'s Mot. Compassionate Release 1-2; Pl.'s Resp. Def.'s Mot. Compassionate Release Ex. 1, at 9, 15-16, 18, 28-29, 34, 49, 51, 63, DN 155-1). Based on his medical records, Hughes is receiving medical care while incarcerated, and these records do not support his release on medical grounds.

In addition, Hughes argues that he should be released to care for a minor child. As a sister court has aptly noted, however, "one consequence of incarceration is that the parent/child relationship suffers." *United States v. Burbidge*, No. 1:15-CR-172, 2019 WL 4863481, at *4 (D.N.D. Oct. 2, 2019); *see also United States v. Shields*, No. 12-CR-00410-BLF-1, 2019 WL 2359231, at *4 (N.D. Cal. June 4, 2019). At the time Hughes made his motion, his minor child

was already in foster care, and there is nothing in the record to show that the foster parents are not providing for the child's needs. (Def.'s Mot. Compassionate Release Ex., at 6, DN 140-1). In addition, given Hughes' extensive criminal history, it is not clear that he would be able to assume the responsibilities for caring for that child upon his release. *See United States v. Montgomery*, No. 5:17-082, 2020 WL 6491653, at *2 (E.D. Ky. Nov. 4, 2020) (denying the motion for compassionate release because "even if foster placement was an extraordinary and compelling circumstance, Montgomery has not shown that he 'is able to assume the responsibilities of a caretaker' once released." (citing *United States v. Paul*, No. 3:18-CR-227, 2020 WL 5807343, at *2 (S.D. W. Va. Sept. 25, 2020))); *see also United States v. Johnson*, No. 1:15-CR-00059, 2020 WL 6075867, at *5 (E.D. Cal. Oct. 15, 2020) ("Johnson has failed to establish that he is likely to be found a 'suitable caretaker' for his child by the governing authorities." (citation omitted)).

Finally, Hughes asserts that he should be released due to the existence of the COVID-19 pandemic. (Def.'s Suppl. Br. Mot. Compassionate Release 1). Admittedly, F.C.I. Ashland has been impacted by the COVID-19, as reflected by the statistics on BOP's website that 347 inmates have recovered from COVID-19 and 6 inmates have died as of January 28, 2021. In addition, 3 staff members are currently positive, and 56 staff members have recovered. Nevertheless, the general existence of the COVID-19 pandemic alone is insufficient to warrant release under Section 3582(c). *See United States v. Smith*, No. 4:15-cr-19, 2020 WL 2063417, at *2 (N.D. Ohio Apr. 29, 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citation omitted)). Accordingly, the Court will deny Hughes' motion on this basis.

### b. 18 U.S.C. § 3553(a) Factors

Even if one of the grounds articulated by Hughes constituted an extraordinary and compelling reason, the Court must still consider the factors set forth in 18 U.S.C. § 3553(a). When those factors are applied here, Hughes is not entitled to compassionate release.

One of the factors the Court must consider is "the nature and circumstances of the offense . . . ." 18 U.S.C. § 3553(a)(1). The Court calculated an offense level of 29 and a criminal history of VI, which resulted in a guideline range of 151 to 181 months. (Presentence Investigation Report 17, DN 80). Based on the plea agreement accepted by the Court, the parties recommended a guideline range sentence of 180 months, which the Court ultimately imposed at sentencing. (Plea Agreement 4, DN 72; Statement Reasons 12, DN 85). With so much time remaining on his sentence, it would be inappropriate to reduce Hughes' sentence.

The seriousness of the offenses also weighs against his early release. Hughes pleaded guilty to serious criminal offenses involving drugs and firearms. Releasing him at this time with so much time remaining in his sentence would undermine the seriousness of his actions and would promote disrespect for the law. Likewise, his early release would not serve as an adequate deterrent to criminal conduct.

For these reasons, the Section 3553(a) factors do not support compassionate release, and the motion will be denied.

### B. Defendant's Motion to Appoint Counsel

Hughes also seeks appointment of counsel. In general, a court may appoint counsel when the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B). "In determining whether appointment of counsel is required . . . , the court should consider the factual and legal complexities

of the case, the prisoner's ability to investigate and present claims, the existence of conflicting testimony, and any other relevant factors." *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

From the motion, it is not clear why Hughes needs the assistance of appointed counsel or how the appointment of counsel would have any impact on the outcome of his motion for compassionate release. Accordingly, it does not appear that the interests of justice require the appointment of counsel in these circumstances. For these reasons, the motion is denied.

C. **Plaintiff's Motion for Leave to Seal**

The United States moves for leave to seal exhibits (filed at DN 155) submitted in support of its response to Hughes' motion. (Pl.'s Mot. Leave Seal 1, DN 154). Because of the personal and confidential nature of the information contained in those exhibits, the Court will grant this motion.

III. **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Compassionate Release (DN 140) and Defendant's Motion to Appoint Counsel (DN 146) are **DENIED**.

2. Plaintiff's Motion for Leave to Seal (DN 154) is **GRANTED**.

Greg N. Stivers, Chief Judge
United States District Court

January 29, 2021

cc: Defendant, *pro se*
U.S. Attorney

7